## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DUKAGJIN SHALA, on behalf of himself and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DIMORA RISTORANTE, INC. et al.,**<br><br>**Defendants.** | Civ. No. 2:16-03064 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Dukagin Shala brings this putative collective action against Defendants Dimora Ristorante and individuals Sokol Gjevukaj, Arjanit Gjevukaj, and Admir Gevukaj (collectively, "Dimora"), on behalf of himself and all other tipped food service workers who have worked at Dimora during the past three years (the "Tipped Workers"). Plaintiff alleges that Dimora's method of paying the Tipped Workers violates the Fair Labor Standards Act ("FLSA") and New Jersey state wage and hour laws.

Dimora moves to strike the collective action allegations. Plaintiff cross-moves, pursuant to 29 U.S.C. § 216(b), for conditional certification of an FLSA collective action. For the reasons that follow, Plaintiff's motion for conditional certification of the FLSA collective action will be **DENIED** without prejudice; Dimora's motion to strike will be **GRANTED** without prejudice to Plaintiff's right to refile for conditional certification.

## I.    BACKGROUND

The following facts are alleged in Plaintiff's Complaint. Plaintiff was a waiter at Dimora during the three-year period prior to the date of the filing of this action (the "liability period"). ECF No. 1, ¶ 7. He claims that, during the liability period, he and the other Tipped Workers were subjected to a series of employment practices in violation of the FLSA and New Jersey wage and hour laws.

Specifically, Plaintiff and the other Tipped Workers were paid by Dimora at a "reduced tipped minimum wage rate" without first being notified of the tip credit

1

requirements of the FLSA and New Jersey wage laws. *Id.* ¶ 2. As part of a mandatory tip pool, the Tipped Workers were required to share tips with individual defendants Arjanit Gjevukaj and Admir Gevukaj, whom Plaintiff alleges are both supervisors, in violation of the FLSA and New Jersey law. *Id.* ¶ 3. Dimora also failed to pay the Tipped Workers premium overtime compensation at the full minimum overtime wage rate as required by law. *Id.* ¶ 33. Plaintiff claims that, throughout the course of his own employment, he only obtained one wage statement, for the pay period from October 16, 2011 to October 22, 2011. That wage statement reflects 40 hours of work at the rate of $2.90, with a net pay of $0; however, Plaintiff worked at least forty-seven hours that week. *Id.* ¶¶ 56-58.

In sum, Plaintiff alleges that Dimora has engaged in a corporate policy in violation of the FLSA by:

1. willfully failing to pay its employees, including Plaintiff and the Tipped Workers, minimum wages for all hours worked and premium overtime wages for all hours worked in excess of 40 hours per workweek;

2. willfully misappropriating a percentage of Plaintiff's and the Tipped Workers' tips per work night; and

3. willfully failing to record all of the time that their employees, including Plaintiff and the Tipped Workers, have worked for the benefit of defendants.

*Id.* ¶ 35. Plaintiff asserts that this corporate policy was in violation of the FLSA's minimum wage, overtime wage, and tip withholding provisions, and the New Jersey Wage and Hour Law's ("NJWHL") minimum wage, overtime wage, and tip withholding provisions.

Dimora now moves to strike the class and collective action allegations, arguing, *inter alia*, that Plaintiff has failed to demonstrate that there are others who are similarly situated to him, as required by the FLSA. ECF No. 9. Plaintiff opposes, and cross-moves for conditional certification of the FLSA collective action. ECF No. 10.

## II.   LEGAL STANDARD

The FLSA provides employees with the ability to bring a "collective action" on behalf of themselves and similarly situated employees. *See* 29 U.S.C. § 216(b). Courts approach collective action certification under the FLSA by engaging in a two-step process. *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013). The first step is deciding whether to grant "conditional certification" – the type of certification at issue here. *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192 (3d Cir. 2011),

*rev'd on other grounds*, 133 S. Ct. 1523 (2013).  The second step is deciding whether to grant final certification.  *See id.*

During the first step, the Court makes a preliminary determination as to whether the employees enumerated in the Complaint can be provisionally categorized as similarly situated to the named Plaintiff.  *Id.*  At this step, courts apply a "fairly lenient standard" to determine whether the Plaintiff has met the "modest factual showing" required for certification.  *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 536 n.4 (3d Cir. 2012).  However, conditional certification is warranted only where the Plaintiff is able to "produce some evidence beyond pure speculation of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees."  *Id.* (internal quotation marks omitted) (quoting *Symczyk*, 656 F.3d at 193).  "A court usually considers conditional certification after the parties have engaged in limited discovery."  *Essex v. Children's Place, Inc.*, No. 15-5621, 2016 WL 4435675, at *4 (D.N.J. Aug. 16, 2016) (internal citations omitted).

## III.  DISCUSSION

Dimora argues that Plaintiff has failed to meet the burden of proof for conditional certification.  The Court agrees.

In support of his motion for conditional certification, Plaintiff submitted his own declaration, along with a copy of the Dimora work schedule for the week of January 12, 2015, two pages from the Dimora tip book, and a tip distribution sheet.  ECF No. 10-10 (Decl.), Exs. 1-3.  In his declaration, Plaintiff asserts that he knows from "personal knowledge, observations, and conversations with wait staff members that the wait staff at Dimora worked similar shifts and hours, and were compensated in the same manner that [he] was."  *Id.*  Plaintiff further states that "[n]o wait staff member, including [him], was given notice, whether oral or written, of Dimora's intention to take a tip credit towards their wages."  He also declares that "[his] understanding, and that of all the wait staff members [he] spoke to, was that we would receive tips and nothing else for our work at Dimora."  Plaintiff avers that he regularly worked at least forty-seven hours per workweek, and lists three other Tipped Workers who told him that they worked more than forty hours per workweek and were paid only in tips.

The Dimora work schedule that Plaintiff attaches shows the shifts that the Tipped Workers work, and indicates that some worked only on weekends.  *Id.*, Ex. 1.  The schedule does not specify how long each shift was.  The pages from Dimora's "tip book" are cut off, but it appears to be a list of employees with dollar amounts next to the names.  Ex. 2.  The final exhibit, which Plaintiff states is a tip distribution sheet, appears to indicate that Plaintiff earned a total of $1027 in tips in the week of April 25, 2016.  Ex. 3.  The sheet also appears to show some Tipped Workers who only worked part time that week, and some who did not work at all that week.  *Id.*

The Court finds that, while the threshold for conditional certification is modest, at this stage Plaintiff has failed to provide evidence beyond "pure speculation" of a "factual nexus between the manner in which the employer's alleged policy affected [him] and the manner in which it affected other employees." *Symczyk,* 656 F.3d at 192. Instead, Plaintiff asks this Court to infer that because his rights may have been violated, the rights of all Tipped Workers at Dimora were violated. Plaintiff has submitted no evidence – other than Plaintiff's own statements in his declaration – to support the existence of a companywide policy in violation of the FLSA. The work schedule does not state how many hours each Tipped Worker worked. And Plaintiff does not state how he knows that none of the Tipped Workers received notice, whether oral or written, of Dimora's intention to take a tip credit towards their wages.

Moreover, while the Court is not considering the merits of the action at this time, the evidence also casts doubt on the existence of a policy in violation of the FLSA that affected Plaintiff himself: the tip distribution sheet Plaintiff attaches appears to indicate that Plaintiff earned a total of $1027 in tips for the week of April 25, 2016. Even assuming that Plaintiff worked 60 hours that week, he was paid an average of $17 an hour for that time. And although Plaintiff asserts in his Complaint that he received a wage statement in 2011 showing a net pay of $0, Plaintiff has not attached this wage statement as an exhibit to his motion, or any other evidence demonstrating that he was underpaid. Finally, the evidence that Plaintiff has submitted appears to demonstrate that at least some other employees are *not* similarly situated to him, in that they worked part time or may not have worked overtime. At this stage, it would be inappropriate to certify the Tipped Workers as a single unit, and the Court cannot determine whether sub-classes are appropriate and, if so, how many sub-classes are needed, or if some Tipped Workers would not be able to opt into this action at all.

At bottom, Plaintiff is asking this Court to speculate, based on his declaration alone, that other workers are similarly situated to him. "Courts in this Circuit, however, have routinely found that such speculation is not proper." *Federman v. Bank of Am., N.A.*, No. 14-441, 2016 WL 3090631, at *5 (D.N.J. May 31, 2016); *see, e.g., Rogers v. Ocean Cable Grp. Inc.*, No. 10-4198, 2011 WL 6887154, at *4 (D.N.J. Dec. 29, 2011) ("Although each plaintiff submitted an affidavit stating [he or she] worked in excess of 40 hours in a workweek, what they are essentially asking the Court to do is to assume that because they worked in excess of 40 hours in a workweek that the other technicians must have as well."); *Asirifi v. W. Hudson Sub-Acute Care Ctr., LLC*, No. 11-04039, 2014 WL 294886, at *3 (D.N.J. Jan. 24, 2014) (denying conditional certification where the plaintiffs asserted that defendant regularly deducted thirty minute meal break regardless of whether such a break was taken, and stating that "the alleged application of a uniform policy does not, without more, show that potential class members are similarly situated"); *Reed v. Empire Auto Parts, Inc.*, No. 13-5220, 2015 WL 761894, at *7 (D.N.J. Feb. 23, 2015) (denying conditional certification and holding the court would not draw "extremely

attenuated inference[s]" where the plaintiff lacked sufficient knowledge of other employees and assumed facts rather than put forth appropriate evidence); *Kronick v. bebe Stores, Inc.*, No. 07-4514, 2008 WL 4546368, at *3 (D.N.J. Oct. 2, 2008) (denying conditional certification because "Plaintiffs do not make even a modest showing of evidence, beyond pure speculation, that Defendant's alleged policies were applicable to other employees. Plaintiffs assert generalized assumptions and effectively assume a similar situation for themselves and the prospective class.").

Consequently, the Court will **DENY** Plaintiffs' motion for conditional certification of the FLSA collective action without prejudice to Plaintiff refiling this motion at a later date.[1]  *See Halle v. W. Penn Allegheny Health Sys. Inc.,* No. 15-3089, 2016 WL 6818841, at *6 (3d Cir. Nov. 18, 2016) ("A denial at the conditional certification stage is not necessarily a final determination of whether the matter may proceed as a collective action . . . . [Courts may] "permit the issue to be revisited after discovery or efforts by the named plaintiff to re-define the contours of the proposed collective action.").

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for conditional certification of the FLSA collective action is **DENIED** without prejudice, while Dimora's motion to strike the collective action allegations is **GRANTED** without prejudice to Plaintiff's right to refile the motion at a later date.  An appropriate order follows.

_/s/ William J. Martini_

**WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 20, 2016**

---

[1] In its motion to strike, Dimora argues that Plaintiff's claims under New Jersey state law must be stricken because Plaintiff has not satisfied the requirements of Federal Rule of Civil Procedure 23.  In response, Plaintiff insists that he does not intend to pursue a class action under Rule 23, and is only seeking to certify an FLSA collective action. Because the Court denies Plaintiff's motion to certify the FLSA action, and Plaintiff only seeks to certify the action as such, the Court will not address the merits of Plaintiff's state law claims, but will note that "[n]either § 216(b) nor any other FLSA provision addresses causes of action for relief under state employment law."  *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 259 (3d Cir. 2012); *see also White v. Rick Bus Co.*, 743 F. Supp. 2d 380, 385 (D.N.J. 2010) ("Rule 23 [and not the FLSA] is the standard applicable to state-law based claims." (citing *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (3d Cir. 2003)).